**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **T.D., R.D., and J.M.**

**No. 22-851** (Harrison County 21-JA-35-2, 21-JA-36-2, and 22-JA-113-2)

**MEMORANDUM DECISION**

Petitioner Father B.D.[1] appeals the Circuit Court of Harrison County's October 31, 2022, order terminating his parental rights to T.D. and R.D. and his custodial rights to J.M.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In February 2021, the DHHR filed a petition regarding the children T.D. and R.D. alleging that petitioner and the children's mother abused alcohol and engaged in domestic violence in the presence of the children. The petition additionally outlined the parents' Child Protective Services ("CPS") history, stating they were involved with CPS in two other states in the years leading up to the current matter. The events giving rise to the instant petition began in February 2021, when there was a domestic violence altercation between the parents. Police reported that they had been called to the home multiple times due to reports of domestic violence and that when they spoke to the parents, they observed that they were intoxicated. When they were called in February 2021, petitioner fled through a window prior to their arrival. Both parents were adjudicated as abusive and neglectful based upon the evidence presented at a hearing held in March 2021.

The parents were granted an improvement period in April 2021, which was extended by agreed order in September 2021. A second improvement period was granted in February 2022. The children were returned to the parents' care for a trial reunification in April 2022. However, shortly thereafter, the DHHR filed an amendment to the petition in June 2022, adding the child J.M.[3] and alleging further domestic violence and alcohol-related incidents had occurred.

---

[1]Petitioner appears by counsel Jenna Robey. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Counsel Dreama Sinkkanen appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]J.M.'s parents are the mother and a different father, A.M., who is deceased. Upon A.M.'s passing, the mother brought J.M. to the home she shares with petitioner.

A second adjudicatory hearing was held in August 2022 regarding the amendment to the petition. The court heard testimony from the parents, two police officers, and a CPS worker. Based on the evidence presented, the court found that in May 2022, petitioner was driving drunk with R.D. in the vehicle following a domestic violence event with the mother. Neither parent advised CPS of the incident. J.M. later disclosed to a CPS worker that the parents were fighting about petitioner's drinking and that petitioner was drinking daily. Then, in June 2022, petitioner was arrested for aggravated driving under the influence after he struck two parked vehicles, causing extensive damage. The mother bailed him out of jail a few days later. Petitioner admitted to drinking and stated that he was attending Alcoholics Anonymous ("AA") meetings. The court found that petitioner had not been honest with the DHHR or the court in these proceedings, that the parents continued to engage in domestic violence in the presence of the children, and that petitioner continued to abuse alcohol. Therefore, the court found all three children to be abused and neglected and adjudicated petitioner as an abusing and neglecting parent. Petitioner filed an additional motion for an improvement period following this hearing.

The court proceeded to disposition in October 2022, at which time the DHHR and guardian supported termination of petitioner's parental rights. The court heard testimony from the parents, a CPS worker, and a family services coordinator. Based on the evidence presented, the court found that, despite participating in some services offered by the DHHR, petitioner failed to make substantial improvements. Specifically, the court stated that petitioner failed to acknowledge continued domestic violence and fully address his alcohol addiction. Therefore, the court found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future, and it was necessary for the welfare of the children to terminate petitioner's parental rights to T.D. and R.D. and custodial rights to J.M. It is from the dispositional order that petitioner appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner argues that the court erred by failing to grant the additional improvement period and proceeding to termination rather than employing a less restrictive dispositional alternative. We disagree and find no error in the circuit court's order.

Under West Virginia Code § 49-4-610(3)(D), in order to obtain an additional improvement period, petitioner was required to "demonstrate[] that since the initial improvement period, . . . [he] experienced a substantial change in circumstances" and "that due to that change in circumstances . . . [he was] likely to fully participate in a further improvement period." Petitioner simply could not meet this burden, as the record demonstrates that he made no improvement in regard to his substance abuse, which, in fact, worsened dramatically during the course of the proceedings. Furthermore, it is clear from the record that petitioner's domestic violence issues are untreatable, as the circuit court explicitly found that he failed to acknowledge them. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted) (holding that, "[i]n

---

[4]The mother's parental rights were also terminated. The permanency plan for the children is adoption by foster placement.

order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense"). Based upon this evidence, we find no error in the court's refusal to grant petitioner's motion for an additional improvement period, as the circuit court had discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002); *see also State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 260, 470 S.E.2d 205, 214 (1996) ("the trial court must accept the fact that the statutory limits on improvement periods (as well as our case law limiting the right to improvement periods) dictate that there comes a time for decision, because a child deserves resolution and permanency.").

We further find no error in the court's decision to terminate petitioner's parental rights without employing a less restrictive dispositional alternative under West Virginia Code § 49-4-604(b). We have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Although he attended AA meetings, the court found that petitioner continued to engage in the same pattern of behavior which threatened the health, safety, and welfare of the children. As we have explained, "the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, in part, *In re B.H.*, 233 W. Va. 57, 754 S.E.2d 743 (2014). Petitioner's minimal compliance through AA attendance is simply insufficient to demonstrate error. Based on the weight of the evidence, the court properly found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future and that termination was necessary for the welfare of the children. Because the court had ample evidence upon which to base these findings, we conclude that it did not err. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding no reasonable likelihood conditions of neglect can be substantially corrected in the near future and when necessary for the child's welfare).

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 31, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 25, 2023

3

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn